UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 03-36-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTOPHER DOUGLAS BURKHART, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

A review of the file of this action reflects that, on February 17, 2004, Defendant Christopher Burkhart was sentenced to a total term of imprisonment of 324 months, to be followed by a five-year term of supervised release. [Record No. 52] Burkhart appealed the sentence imposed by the Court. Following a *Booker* remand from the Sixth Circuit [Record No. 71], his total term of imprisonment was reduced to 260 months. [Record No. 79] Again, Burkhart appealed his sentence. [Record No. 80]

On December 17, 2008, the Sixth Circuit affirmed this Court's sentence imposed following remand. [Record No. 92] The Sixth Circuit's mandate was issued January 9, 2009. [Record No. 93] Thereafter, Burkhart filed a petition for a writ of certiorari with the United States Supreme Court. [Record No. 94] The Defendant's petition was placed on the Supreme Court's docket on March 17, 2009. On April 20, 2009, the Defendant's petition was denied. [Record No. 95].

On this date, the undersigned received a letter from Defendant Burkhart requesting that the Court appoint counsel on his behalf for the purposes of filing a habeas petition pursuant to 28 U.S.C. § 2255. He also requests that he be given an extension of time to file the petition. In support, Burkhart contends that he is indigent, that he has no knowledge of the law, but that he has "some issues that need to be resolved."

As an initial matter, the Court notes that there is no constitutional right to counsel in habeas cases. *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). Title 18 of the United States Code, Section 3006A(a)(2)(B), provides, "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254 or 2255 or title 28. The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

Because habeas corpus is an extraordinary remedy for unusual cases, the appointment of counsel is required only if the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002). Such has not been shown here. Instead, the Defendant has not filed a habeas petition and he has not identified any specific issue that might entitle him to relief. Instead, he has merely stated in summary form that he has some issues that need to be resolved. This is an insufficient reason to appoint counsel. Further, Defendant Burkhart has not stated any legitimate reason to justify

extending the period of time within which he may file a habeas petition.  A mere lack of knowledge of the law in insufficient for this purpose.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to file the letter dated November 4, 2009 from Defendant Christopher Burkhart in the file of this action.

2. The Defendant's letter will be deemed as a motion to appoint counsel and a motion for an extension of time to file a habeas proceeding under 28 U.S.C. § 2255.  Both motions are **DENIED**.

This 12th day of November, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge