UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | No. 6:03-CR-36-DCR |
| v. | ) | No. 6:10-CV-07119-DCR |
| | ) | |
| CHRISTOPHER DOUGLAS | ) | RECOMMENDED DISPOSITION |
| BURKHART, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

*** *** *** ***

On April 17, 2010, Christopher Douglas Burkhart, proceeding *pro se*, filed a

motion seeking to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. (D.E.

102).[1] The United States filed a response to the § 2255 motion on July 2, 2010 (D.E.

109), to which Movant has filed a reply (D.E. 115). Pursuant to local practice, this matter

was referred to the undersigned for a recommended disposition. 28 U.S.C. § 636(b). For

the reasons that follow, Movant has failed to establish that he is entitled to relief pursuant

to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his motion be

**DENIED**.

## I. BACKGROUND

---

[1] The Court denied Movant's request to extend the one-year limitations period to file a 28 U.S.C. § 2255 motion (D.E. 101), and therefore, that period expired on April 20, 2010. Although Movant's motion was not docketed by the district court clerk until April 21, 2010, Movant declared under penalty of perjury that he placed the motion in the prison's mailing system on April 17, 2010. (D.E. 102 at 13). Thus, the Court will treat the motion as having been filed on April 17, 2010. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)).

On May 22, 2003, a federal grand jury returned a 5-count Indictment charging that Movant possessed with the intent to distribute over 50 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), manufactured and produced over 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), possessed four firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3), and possessed a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i). (D.E. 20). Based upon the quantity of methamphetamine allegedly involved, as well as the allegation that Movant possessed a firearm in furtherance of drug trafficking crimes, he faced a mandatory minimum term of imprisonment of 10 years with a maximum term of life imprisonment on Count One, and a minimum term of 5 years on Count Four (to be served concurrently). *See* 21 U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 924(c)(1)(A)(i).

## A. Plea Agreement

Through plea discussions with the United States, Movant's counsel, Joe T. Roberts, was able to negotiate an agreement whereby Movant agreed to plead guilty to Counts One, Three, Four, and Five of the Indictment. (D.E. 42 ¶ 1). In exchange for his guilty plea to these counts, the United States agreed to move at sentencing to dismiss Count Two. (*Id.* ¶ 1). In addition, the United States agreed to recommend to decrease the base offense level by two levels for Movant's acceptance of responsibility, and to move at sentencing to decrease the offense level by one additional level upon Movant's timely notice of the intent to plead guilty. (*Id.* 42 ¶ 5). *See* United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Sept. 2011) [hereinafter USSG]. The United

States agreed to file a USSG 5K1.1 motion and/or a motion under 18 U.S.C. § 3553(e) if Movant provided substantial assistance in the investigation or prosecution of other persons who had committed an offense. (*Id.* ¶ 8). The plea agreement also contained a provision in which Movant "waive[d] the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence." (*Id.* ¶ 7).

Rearraignment proceedings occurred on October 17, 2003, before District Judge Danny C. Reeves. (D.E. 66). After a thorough plea colloquy, Movant pled guilty to the offenses charged in Counts One, Three, Four, and Five of the Indictment. (*Id.* at 19:2-4). Finding that Movant's plea was knowing and voluntary, Judge Reeves accepted the plea and adjudged Movant guilty of those offenses. (*Id.* at 19:8-15). Judge Reeves also released Movant into the custody of his mother until the time of his sentencing. (*Id.* at 21:15-19). All original conditions of Movant's bond were imposed, as well as an additional drug testing provision and an electronic location monitoring requirement. (*Id.* at 24:5-14).

## B. Sentencing

Movant's sentencing hearing was held on February 13, 2004; Judge Reeves began that proceeding by addressing Movant's presentence report. (D.E. 65 at 3:18-19). Pursuant to the Sentencing Guidelines, the base offense level for Count One was thirty-two, with a six-level increase because Movant was involved in the manufacture of methamphetamine at a time involving substantial risk to a minor child, specifically Movant's daughter, resulting in an adjusted offense level of thirty-eight for Count One. (*Id.* at 3:25-4:8). Since the adjusted offense level for Count Three was sixteen, the Court

used the higher offense level of thirty-eight to determine the sentencing range. (*Id.* at 4:9-16).

As a result of events that transpired between Movant's rearraignment and sentencing, Judge Reeves heard from both parties regarding whether Movant should be given a three-level reduction in the guideline range for acceptance or responsibility. (*Id.* at 4:17-21). The United States took the position that the three-level reduction for acceptance of responsibility was not appropriate, and presented the testimony of Richard Dalrymple, a detective with the Laurel County Sheriff's Office assigned to the DEA task force. (*Id.* at 5:12-17). Detective Dalrymple testified that he conducted a search of Movant's residence on February 12, 2004 (obviously post-rearraignment), and that during that search he discovered methamphetamine and materials used to manufacture methamphetamine. (*Id.* at 6-12).

Judge Reeves, finding that Movant "ha[d] in fact continued in the same conduct for which he was charged originally," refused to grant a three-level reduction for acceptance of responsibility, resulting in a total offense level of thirty-eight. Combined with a Criminal History Category of I, Judge Reeves calculated a sentencing range of 235 to 293 months, plus sixty months to run consecutively for the firearms offense under 924(c). (*Id.* at 20:1-21). Movant was sentenced to a term of 324 months, consisting of a term of 264 months on Count One and a term of 120 months on Count Three, to be served concurrently, and a term of sixty months on Count Four, to be served consecutively to Counts One and Three. (*Id.* at 27:2-11; D.E. 17). He was also sentenced to five years of supervised release on Counts One and Four, and three years of supervised

release on Count Three, with the terms to run concurrently. (*Id.* at 27:23-25, 28:2; D.E. 17).

### C. Remand and Resentencing

On February 25, 2004, Movant, proceeding *pro se*, filed a notice of appeal. (D.E. 56). John Chappell was appointed to represent Movant on appeal. (*See* D.E. 62). While Movant's appeal was pending, upon joint motion, Movant's sentence was vacated and his case was remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). (D.E. 71).

At resentencing, Judge Reeves revisited the issue of whether Movant was entitled to a three-level reduction in the offense level for acceptance of responsibility, as well as the issue of whether the six-level enhancement to the offense level under USSG § 2D1.1(b)(5)(C) (current version at USSG § 2D1.1(b)(13)(d)) should apply in light of information contained in the presentence report that Movant was manufacturing methamphetamine in the presence of his minor daughter. (D.E. 90 at 4:9-25, 5:1-24). Judge Reeves once again declined to grant the three-level reduction in the offense level for acceptance of responsibility, noting that it would be improper to do so in light of Movant's behavior between his rearraignment and sentencing. (*See id.* at 12:10-13:6). Judge Reeves also found that the six-level enhancement to the offense level was appropriate based upon the information contained in the presentence report. (*See id.* at 13:7-14:9).

Nevertheless, after considering the factors outlined in 18 U.S.C. § 3553 and crediting Movant's demonstration of good conduct while incarcerated, Judge Reeves

reduced Movant's original sentence to a term of 260 months, consisting of a term of

imprisonment of 200 months on Count One and a term of 120 months on Count Three, to

be served concurrently, and also a term of sixty months on Count Four, to be served

consecutively to the term imposed on Counts One and Three. (*Id.* at 23:7-16).  Movant

was also sentenced to five years of supervised release, consisting of a term of five years

on each of Counts One and Four and a term of three years on Count Three, to run

concurrently. (*Id.* at 24:7-11).

## D.  Subsequent Proceedings

Movant appealed his 260-month sentence on January 30, 2006. (D.E. 80).  The

United States moved to dismiss Movant's appeal based upon paragraph 7 of the plea

which states, "[t]he Defendant waives the right to appeal and the right to attack

collaterally the guilty plea, conviction, and sentence." (*See* D.E. 47 ¶ 7). The United

States Court of Appeals for the Sixth Circuit denied the government's motion to dismiss

on the ground that the district court had not determined whether Movant understood the

waiver provision in his plea agreement, as required by Federal Rule of Criminal

Procedure 11(b)(1)(N). (D.E. 92 at 2).

On appeal, Movant argued that the United States breached the plea agreement by

withdrawing its 5K motion. (*See id.* at 2-3).  He also argued that his sentence was

unreasonable because the district court failed to consider a reduction in the offense level

pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. (*See id.* at 3).  On December 17,

2008, the Sixth Circuit issued an Order affirming the "sentencing judgment" of the

district court, concluding that "the district court did not commit plain error and that [Movant's] sentence [was] not unreasonable." (*Id.* at 4-5).

Movant then filed a petition for writ of certiorari with the United States Supreme Court.  On April 20, 2009, the Clerk of the Supreme Court issued a letter denying certiorari.  (*See* D.E. 95).

In his § 2255 motion, Movant asserts four grounds for relief. (*See* D.E. 102).  In Ground One, Movant argues that the prosecutor's misconduct in arguing against a three-level reduction in the offense level for acceptance of responsibility at the initial sentencing hearing invalidates the entire plea agreement. (*Id.* at 2-3).  In Ground Two, Movant argues that his appellate counsel[2] was ineffective by inducing Movant into foregoing his direct appeal by falsely assuring him he would receive a sentence of 180 months on remand.  (*Id.* at 3-5).  In Ground Three, Movant argues that his appellate counsel rendered ineffective assistance by failing to argue that his offense level had been raised six levels in error. (*Id.* at 5-8).  Finally, in Ground Four, Movant argues that his trial counsel was ineffective by advising him to plead guilty to Count Four of the Indictment, an offense he alleges he was not "criminally culpable of committing." (*Id.* at 8-9).  These arguments will be addressed in turn.

## II. DISCUSSION

---

[2] John P. Chappell was appointed to represent Movant on appeal from his original sentence. (D.E. 63).  Chappell represented Movant during remand and resentencing.  Movant subsequently appealed from his sentence on remand; however, Chappell did not represent Movant on that appeal. (*See* D.E. 84).  Because Movant does not assert any claims against the attorney who represented him on appeal following remand, "appellate counsel" will be used throughout herein to refer to Chappell.

Generally speaking, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("both the right to appeal and the right to seek post-conviction relief are statutory rights"). For a federal prisoner to prevail on a § 2255 claim, he must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255. If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, if the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotations omitted).

## A. Procedural Default

"Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Therefore, a defendant procedurally defaults a claim "by failing to raise it on direct review . . . ." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In Ground One, Movant contends that the United States breached the plea agreement at his sentencing hearing by arguing that Movant should not receive a three-level reduction in the offense level for acceptance of responsibility. (*See* D.E. 102 at 3). Movant also claims that the district court breached the plea agreement by accepting it at his plea colloquy and then refusing to accept the same plea agreement, with the three-level reduction in the offense level, at his sentencing hearing. (*Id.* at 3).

Movant could have objected to the prosecutor's conduct at the sentencing hearing or raised the issue of misconduct on appeal, but he failed to do so. Therefore, his claim of prosecutorial misconduct is procedurally defaulted. *See United States v. Dakers*, No. 3:03-cr-090, 2008 WL 5333842, at *6 (S.D. Ohio Dec. 19, 2008) ("[The] claim of prosecutorial misconduct could have been but was not raised on direct appeal. Therefore it is procedurally defaulted and cannot be considered on the merits in a § 2255 proceeding.").

However, although Movant's claim of prosecutorial misconduct is procedurally defaulted, he is not necessarily precluded from raising it in a § 2255 motion to vacate. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas . . . if the defendant can first demonstrate either 'cause' and actual 'prejudice,'" or that he is "'actually innocent'" *Bousley,* 523 U.S. at 622 (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)).

Movant does not claim that he is actually innocent. Thus, his claim of prosecutorial misconduct is procedurally defaulted unless he can show both "cause" and "prejudice" for failing to raise it on direct review. The Court need not address the issue

of "cause" if Movant "has not shown that he was prejudiced by the errors that he has alleged." *See Simons v. Leonard,* No. 97-3231, 1998 WL 57261, at *1 (6th Cir. Feb. 2, 1998).

At Movant's resentencing hearing, the United States acknowledged that it had argued against allowing Movant a three-level reduction in the offense level at the original sentencing hearing, but nevertheless asked Judge Reeves to grant Movant a three-level reduction in the offense level for acceptance of responsibility at resentencing. (*See* D.E. 90 at 6:25-7:9). Judge Reeves, considering Movant's conduct between the rearraignment and sentencing hearing, stated that "it would be improper for the Court to award acceptance credit." (*Id.* at 13:2-3). He noted, "I would be abrogating my responsibilities if I were to do that . . . ." (*Id.* at 13:3-4).

Because the United States moved for a three-level reduction in the offense level at resentencing, and the district court still found that it would be improper to award the reduction for acceptance of responsibility, Movant cannot show that he was prejudiced by the prosecutor's conduct or the failure to receive a three-level reduction at the original sentencing. Furthermore, it was within the district court's discretion to deny the acceptance credit.

The district court cannot be said to have "breached" the plea agreement in any respect. Movant misunderstands the court's handling of the plea agreement. Judge Reeves did not accept the plea agreement at rearraignment; rather, he accepted Movant's guilty plea. Judge Reeves deferred consideration of the plea agreement until sentencing (D.E. 66 at 23:15-18). In addition, the plea agreement stated that the parties'

recommendations as to the sentencing guidelines calculations did not bind the court. (*See* D.E. 47 ¶ 5).

Movant is not entitled to relief on Ground One.

## B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are an exception to "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504 (2003). "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* This rule allows for the facts that form the basis of an ineffective assistance of counsel claim to fully develop before a petitioner argues them before a court. *Id.*

Such a claim has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, a defendant is not permitted to second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). Under the second component

of a claim for ineffective assistance of counsel, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. That is, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A defendant has the burden of making both showings, otherwise "it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The Court will analyze, in turn, each of Defendant's claims of ineffective assistance of counsel. (D.E. 102 at 3-9 (Grounds Two through Four)).

### i. Inducing Movant into Foregoing Direct Appeal by False Assurance of 180-Month Sentence (Ground Two)

According to Movant, in the fall of 2005, Movant spoke with appellate counsel, who informed him that counsel had worked out a deal with the United States whereby Movant's case would be remanded for sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005), and Movant would receive a 180-month sentence if he agreed to forego his direct appeal. (D.E. 102 at 4). Movant initially accepted the deal, but after having a chance to think it over spoke with appellate counsel the following day and told him he had changed his mind and wished for counsel to file his appellate brief. (*Id.*). Movant claims he was told by counsel that the deal was done and he no longer had a choice in the matter. (*Id.*).

Movant argues that the failure of appellate counsel to file his appellate brief constituted ineffective assistance of counsel, as he did not receive the type of assistance

guaranteed by the Sixth Amendment. (*Id.* at 5). He alleges that, as a result of counsel's deficient performance, he was deprived of his right to have a full direct review of his original sentence, which denied him his Fifth Amendment right of due process. (*Id.*).

As an initial matter, the Court notes that Movant's case would have been remanded for resentencing in light of *Booker* regardless of the deal made between his appellate counsel and the United States. "[R]emand of a pre-*Booker* sentence is required absent 'clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime.'" *United States v. Bivens,* 129 F. App'x 159, 167 (6th Cir. 2005). There is no evidence that Judge Reeves would not have sentenced Movant to a lower sentence under an advisory Guidelines regime; in fact, he did lower Movant's sentence on remand to a term almost three years below the low-end of the applicable Guidelines range. Movant's case would have been remanded regardless of whether his appellate counsel and the United States reached a deal regarding his direct appeal.

Additionally, the Court need not address the issue of whether counsel's performance in failing to file a direct appeal was deficient, because Movant cannot show that he was prejudiced by counsel's failure to do so. *See Strickland,* 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). Although Movant's appellate counsel urged the Court to impose a 180-month sentence and stated that no appeal would follow

if such a sentence were imposed (*See* D.E. 74 at 4), Judge Reeves ultimately sentenced Movant to 260 months on remand (D.E. 90 at 23:7-16), and Movant **did** appeal from this sentence. (*See* D.E. 80).

Since Movant was able to file a direct appeal, he cannot show that he was prejudiced by counsel's failure to complete an appeal from his initial sentence, and because he was able to appeal his sentence, Movant was not denied due process of law. Movant cannot satisfy the prejudice prong of *Strickland*, and Ground Two as to ineffective assistance of counsel fails.

### ii. Failing to Argue That Movant's Offense Level Was Raised Six Levels in Error (Ground Three)

On January 25, 2006, prior to Movant's resentencing, appellate counsel filed an objection to the presentence investigation report. (*See* D.E. 75). Counsel objected to paragraph 38 of the report, which assessed a six-level increase in the base offense level under USSG § 2D1.1(b)(5)(C) (current version at USSG § 2D1.1(b)(13)(D)), for the manufacture of methamphetamine creating a substantial risk of harm to the life of a minor. Counsel took the position that "there has been no testimony or evidence in regard to the admission of substances at [Movant's] residence whether the operation of the methamphetamine laboratory was such to have caused significant risk to the minor child." (*Id.* at 2).

Movant argues that, although counsel filed an objection to the presentence report, he failed to object to the six-level enhancement at the resentencing hearing. (D.E. 102 at 6). Movant claims that under *Booker* this very enhancement is disallowed. (*Id.*). He also

argues that the district court erred in applying the six-level enhancement because the facts used to support it were neither charged in the Indictment, determined by a jury beyond a reasonable doubt, nor admitted by Movant at any time during the proceedings. (*Id.* at 7). Instead, the facts used to support the six-level enhancement were determined by the district court under a "preponderance of the evidence" standard. Movant alleges that the failure of the district court to determine these facts "beyond a reasonable doubt" denied him due process of law. (*Id.*). Furthermore, Movant claims that the failure of counsel to object to the enhancement at resentencing constituted ineffective assistance of counsel. (*Id.*).

The Court initially notes that the district court did not err in applying a preponderance of the evidence standard when determining the facts to support the six-level enhancement. *See United States v. Paradis,* 289 F.App'x 66, 70 (6th Cir. 2008) (using a preponderance of the evidence standard when applying the six-level enhancement for substantial risk to a minor, and noting that the standard remains intact after *Booker*); *see also United States v. Gates,* 461 F.3d 703, 708 (6th Cir. 2006) ("[J]udicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate . . . Fifth Amendment due process rights."). Additionally, *Booker* does not disallow such an enhancement. While "it is no longer mandatory that defendants be sentenced in accordance with the United States Sentencing Guidelines, sentencing courts must continue to give consideration to the Guidelines" after *Booker* (*See Bivens,* 129 F.App'x at 163), and sentences "within the correctly calculated

[Guideline] range" are afforded "a presumption of reasonableness." *Paradis,* 289 F.App'x at 70 (applying the six-level enhancement post-*Booker*).

Furthermore, appellate counsel ***did*** mention his objection to the six-level enhancement at resentencing (*See* D.E. 90 at 12:2-7) (arguing that there was a lack of scientific evidence in the record to support the enhancement), and even if he had not, Movant's ineffective assistance of counsel claim fails because he cannot show prejudice. Judge Reeves raised the issue of the six-level enhancement at resentencing, noting that Movant's attorney had filed an objection to the presentence report. (*See id.* at 10:22-11:16). In addition, Judge Reeves thoroughly analyzed the issue, addressing the factors listed in application note 20 to USSG § 2D1.1 to consider with regard to such an enhancement. (*See id.* at 13:7-14:11) (noting that Movant placed various members of his family, including children, in harm's way, that chemicals and hazardous materials were stored haphazardly in the trailer, and that the number of human lives placed at risk was substantial).

The district court addressed defense counsel's objection to the six-level enhancement at Movant's resentencing hearing, and noted that there was ample evidence in the presentence report to support the enhancement. Movant has not argued that the facts were otherwise than as described in the presentence report. Movant appears to suggest that defense counsel should have made a more forceful argument against the enhancement, but nothing is presented by Movant as to how the failure to do so resulted in any prejudice. Thus, Movant cannot show that he was prejudiced by appellate

counsel's failure to argue against the enhancement at resentencing, and Ground Three as to ineffective assistance of counsel fails.

### iii. Advising Movant to Plead Guilty to Count Four (Ground Four)

Movant argues that trial counsel rendered ineffective assistance by advising him to plead guilty to Count Four of the Indictment, which charged Movant with possessing a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i). (D.E. 102 at 8). He claims to have received inadequate advice as to the "in furtherance of" requirement of § 924(c), and alleges that had adequate advice been given, he would not have pled guilty to this charge. Movant's arguments are presented in a scattershot fashion, but the Court has attempted to distill his arguments to their essence so as to enable a logical examination of the issues.

#### a. Movant's Plea Was Knowing, Voluntary, and Intelligent

A guilty plea is only valid "if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). Federal Rule of Criminal Procedure 11 "is meant to ensure that the district court is satisfied that" this requirement has been met. *Id.* Thus, Rule 11 requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79. Here, the Court thoroughly satisfied these Rule 11 requirements. Initially, the Court inquired into Movant's competency to proceed. (D.E. 66 at 3:17-6:20). The Court also ensured that Movant had an opportunity to review the

Indictment with his attorney, and that he understood the charges contained in the Indictment.  (*Id.* at 6:22-7:2).

Likewise, the Court verified that Movant had received a copy of the plea agreement, that he had an opportunity to read it, and that he understood it:

THE COURT:          Now, I have been given a plea agreement in this case. The plea agreement contains Mr. Roberts' signature, and I recognize his signature; and also Mr. West's signature, whose I recognize.  Those are dated October 15th.  And it also appears to contain your signature, Mr. Burkhart.  Is that your signature on this document?

THE DEFENDANT: Yes, sir, your Honor.

THE COURT:          You signed it yesterday; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT:          Now, before you signed the plea agreement, did you have a chance to review it?

THE DEFENDANT: Yes, I did.

THE COURT:          Did you have a chance to discuss it with your attorney?

THE DEFENDANT: Yes, we discussed it.

THE COURT:          And you feel like you understand the terms of the plea agreement?

THE DEFENDANT: (Nods head up and down.)

THE COURT:          Is that a yes?

THE DEFENDANT: Yes, sir.

(*Id.* at 7:6-23). Not only did Movant indicate that he understood the terms of the plea agreement, but the United States recited the essential terms of the agreement aloud in open court. (*Id.* at 8:4-9:15). The Court also explained the constitutional rights Movant would be giving up by pleading guilty, including the right to a speedy trial, the right to counsel, and the right to cross-examine witnesses. (*Id.* at 14:17-15:8). Likewise, the Court informed Movant that he would be giving up certain civil rights by pleading guilty, including the right to carry a firearm and the right to hold public office. (*Id.* at 10:9-13).

The Court also discussed the maximum statutory penalties Movant faced for each count contained in the plea agreement. (*Id.* at 10:16-11:6). Furthermore, the Court thoroughly explained the operation of the Sentencing Guidelines to Movant and the process used to determine Movant's guideline range. (*Id.* at 12:8-13:5). Before pleading guilty, Movant acknowledged that no promises other than those contained in the plea agreement were made to induce Movant to enter a plea of guilty:

> THE COURT: Does this plea agreement represent the full and complete agreement that you have with the United States?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Other than what's contained in the plea agreement has anyone made a promise to you to induce you or convince to you [sic] enter into a plea agreement?
>
> THE DEFENDANT: No, sir, your Honor.
>
> THE COURT: Has anyone made any threats or in any way forced you to enter into the plea agreement?
>
> THE DEFENDANT: No, sir.

(*Id.* at 9:24-10:8). After this colloquy, and after Movant discussed his conduct giving rise to the charges (*id.* at 16:18-18:5), Movant entered a plea of guilty (*id.* at 19:2-4). The Court made the following findings and accepted Movant's guilty plea:

> It is the finding of this Court in the case of United States versus Christopher Douglas Burkhart that the defendant is fully competent and capable of entering an informed plea. Further, his plea of guilty was a knowing and voluntary plea, which is supported by an independent basis in fact containing the essential elements of the offenses that have been charged in Counts 1, 3, 4, and 5 of the indictment. The plea will be accepted and the defendant will be adjudged guilty of the offenses that have been charged.

(*Id.* at 19:8-15). These exchanges leave no doubt that Movant knowingly, intelligently, and voluntarily pled guilty. This conclusion is supported by paragraph thirteen of the Plea Agreement which states:

> The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

(D.E. 47 ¶ 13).

During the Rule 11 colloquy, Movant stated, under oath, that he possessed a Sig Sauer semi-automatic 9mm pistol in furtherance of the drug trafficking crimes contained in Counts One and Two of the Indictment  (D.E. 66 at 18:1-5), and the Court must accept this statement as true. *See Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'") (quoting *Jackson v. United States,* 512 F.2d 772, 773 (5th Cir. 1975)).

Furthermore, Movant has not brought forth any new facts with regard to the "in furtherance of" element of the § 924(c) charge. Indeed, his traverse includes an acknowledgement of the **same** facts that were used to support the § 924(c) charge in the plea agreement. (*Compare* D.E. 115 at 2) ( "Movant was found to be in possession of a firearm. This firearm was locked in a safe . . . . Inside the safe was the firearm, coffee filters, lithium batteries, and cold tablets."); (*with* D.E. 47 at 2) (stating in the plea agreement that the Defendant admits that "[t]he Sig Sauer was located in a safe in the master bedroom along with coffee filters, lithium batteries, and pseudoephedrine used to manufacture methamphetamine").

Movant suggests that the admitted facts in his case were not legally sufficient to support a § 924(c) charge, and because his attorney failed to advise him of this, his plea was not knowing, voluntary, and intelligent. Yet Movant's claim lacks the specificity necessary to obtain relief by collateral attack. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (stating that, when collaterally challenging a guilty plea, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . . "). In *Blackledge*, a habeas petitioner sought to overturn his guilty plea on the ground that his attorney had promised him that if he pled guilty, he would receive a ten-year sentence. *Id.* at 68-69. Instead, he was sentenced to seventeen to twenty-one years. *Id.* at 69. The petitioner not only elaborated on the "when, where, and by whom" the promise was made, but he also identified a witness to the communication. *Id.* at 76. The Court in *Blackledge* noted:

[Petitioner] alleged as a ground for relief that his plea was induced by an unkept promise. But he did not stop there. He proceeded to elaborate upon this claim with specific factual allegations. The petition indicated exactly what the terms of the promise were; when, where, and by whom the promise had been made; and the identity of one witness to its communication.

*Id.* at 75-76.

Movant, on the other hand, has not supported his claim in Ground Four with specific factual allegations. He argues that his attorney "should never have counseled him to plead guilty to Count Four of the indictment" (D.E. 115 at 4), but he fails to give a detailed account of his attorney's actions. Unlike the petitioner in *Blackledge,* Movant does not elaborate upon conversations or meetings with his attorney. Movant's claims are exactly the type of "conclusory allegations . . . subject to summary dismissal" discussed by the Supreme Court.

The Court has noted that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge,* 431 U.S. at 74. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73-74. At the plea hearing (and in his § 2255 reply), Movant admitted to possessing a Sig Sauer 9mm pistol in furtherance of the drug trafficking crimes set forth in Counts One and Two of the Indictment. (D.E. 66 at 18:1-5). Movant's attorney, the attorney for the United States, and Judge Reeves found that a sufficient factual basis had been established for the guilty plea. (*Id.* at 18:6-19:13).

Movant has not presented any specific factual allegations to overcome this presumption of correctness.

Movant claims that he did not understand the law in relation to the facts, insomuch as he did not understand that the "in furtherance of" requirement of § 924(c) requires more than the mere possession of a firearm on the same premises where drugs are found. *See United States v. Mackey,* 265 F.3d 457, 462 (6th Cir. 2001). Movant argues that his plea was rendered involuntary as a result. However, the district court conducted a valid Rule 11 colloquy. Judge Reeves questioned Movant about his competency (D.E. 66 at 3:16-6:20), whether he had ample opportunity to discuss the Indictment and charges with his attorney (*id.* at 6:25-7:5), and described to Movant the nature of the charges subject to his guilty plea (*id.* at 15:10-16:17). He also advised Movant of his constitutional rights (*id.* at 14:13-15:9) and the range of penalties he was facing (*id.* at 10:16-13:12). Thus, Movant's claim that his plea was involuntary and/or unknowing must fail.

Based upon the review of the record, it is clear that Movant was fully aware of the consequences of pleading guilty, including that he was admitting that the facts in his case were sufficient to sustain a conviction under § 924(c). Thus, the Court finds that Movant's plea was knowing, voluntary, and intelligent.

Furthermore, to the extent Movant is arguing that there was insufficient evidence to support a § 924(c) conviction, this argument should have been raised on direct appeal, absent a showing of "cause" and "actual prejudice." *See Buchanan v. United States*, No. 98-1355, 1999 WL 775770, at *1 (6th Cir. Sept. 24, 1999) (internal citation omitted) ("Generally, a challenge to the sufficiency of the evidence is not cognizable under §

2255."). However, because Movant suggests that trial counsel's ineffective assistance constitutes "cause" for failing to raise this issue on direct appeal, the Court will address Movant's claim of ineffective assistance of counsel.

### b. Movant Has Not Established Prejudice

Movant's plea of guilty to Count Four was not the product of ineffective assistance of counsel. Such a claim has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second component, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A defendant has the burden of making both showings. *Id.* at 687. However, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). Movant's claim of ineffective assistance of counsel in Ground Four fails for lack of prejudice.

Movant argues that he would not have pled guilty if his attorney had fully explained the government's burden with respect to the § 924(c) charge, yet he fails to describe any particular evidence or discernable legal argument that would have affected his decision to plead guilty. In other words, despite his conclusory assertions, Movant

has not identified any basis for the Court to conclude that a reasonable probability exists that he would not have pled guilty. However, assuming Movant had pled not guilty and proceeded to trial, he has wholly failed to demonstrate anything his attorney would have done at trial to create a reasonable probability of an acquittal on Count Four. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (indicating that often the prejudice assessment "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial"). Movant admits that the Sig Sauer 9mm pistol was found with materials used to manufacture methamphetamine (*see supra* Part II.B.iii.a), and he fails to describe how his attorney would have rebutted this evidence at trial. Nor has Movant described any particular legal error made by the Court in determining that his plea was supported by an adequate basis in fact, meaning that the admitted and undisputed evidence would have supported a conviction in any event. Thus, Movant cannot show a reasonable probability that the result of the proceeding would have been different.

In addition, to the extent Movant argues he was prejudiced by trial counsel's conduct, any prejudice would have been cured when Judge Reeves discussed with Movant the charges against him and advised him during the plea colloquy that the United States would be required to prove those charges beyond a reasonable doubt. (D.E. 15:10-16:17, 15:4-5). Because Movant's guilty plea was voluntary (*see supra* Part II.B.iii.a), he freely chose to persist in his guilty plea even after being informed by the court that the United States carried a high burden not only with regard to the § 924(c) charge, but with respect to all of the charges in the Indictment.

For many reasons, Movant cannot show that the result of the proceeding would have been different had he pled not guilty and gone to trial, and he cannot show that he was prejudiced by trial counsel's conduct. Because Movant cannot show that he was prejudiced by trial counsel's advice with regard to Count Four, his claim of ineffective assistance fails.

## C. An Evidentiary Hearing is Not Necessary

Movant has requested an evidentiary hearing on his § 2255 motion. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here, the record conclusively shows that Movant is entitled to no relief, and Movant's request for an evidentiary hearing is denied.

## D. Certificate of Appealability

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).

For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484. No reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.

### III. CONCLUSION AND RECOMMENDATION

Having reviewed each of Movant's grounds for § 2255 relief, the Court concludes that Movant has failed to make the requisite showing that would entitle him to relief. Therefore, the Court **RECOMMENDS** that Defendant's motion to vacate his conviction and sentence (D.E. 102) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 6th day of October, 2011.



Signed By:

*Hanly A. Ingram*

United States Magistrate Judge