UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal Action No. 6: 03-036-DCR |
| V. | ) | |
| CHRISTOPHER BURKHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Christopher Burkhart has filed a motion for a sentence modification pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Record No. 156] The matter will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244 because the Court construes Burkhart's motion as an attempt to file a second or successive petition for relief under 28 U.S.C. § 2255,.

**I.**

Burkhart pled guilty in October 2003 to: (i) possession with intent to distribute over 50 grams of methamphetamine, (ii) possession of a firearm while being an unlawful user of a controlled substance, and (iii) possession of a firearm in furtherance of a drug trafficking crime. [Record No. 41] Burkhart was sentenced on February 17, 2004, to a total term of imprisonment of 324 months, to be followed by a five-year term of supervised release. [Record No. 52] Burkhart appealed his sentence and the Sixth Circuit remanded his case for resentencing consistent with *United States v. Booker,* 543 U.S. 220 (2005). [Record No. 71]

He was subsequently re-sentenced to 260 months. [Record No. 79] Burkhart again appealed, and the Sixth Circuit affirmed the Court's sentence. [Record No. 92]

Burkhart filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. [Record No. 102] The motion was referred to United States Magistrate Judge Hanly A. Ingram, who filed a report, recommending that the Court deny Burkhart's § 2255 motion (October 6, 2011). [Record No. 118] The Court adopted the Recommended Disposition in full. [Record No. 120] Burkhart then filed a motion for reconsideration, which the Court denied. [Record No. 122] He subsequently appealed the denial of his § 2255 motion and his motion for reconsideration. [Record No. 123] The Sixth Circuit denied his application for a certificate of appealability. [Record No. 132]

Burkhart filed a motion to reduce his sentence under 18 U.S.C. § 3582 on November 10, 2014, based on changes to the drug tables used in determining non-binding guideline range. [Record No. 140] That motion was denied because, after reviewing the factors under 18 U.S.C. § 3553, a lesser term of incarceration would be inappropriate. [Record No. 141] Burkhart moved for reconsideration of the denial of his motion to reduce his sentence, but the Court denied reconsideration. [Record No. 147]

## II.

Burkhart now files a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure in which he again seeks to have his sentence reduced. [Record No. 156] Rule 60(b)(6) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Burkhart asserts that he has had time to "'get it right,' better himself, and further prepare for his release." [Record No. 156, p. 2] He requests relief because of his post-

sentencing efforts to rehabilitate himself and his efforts to reduce his likelihood of recidivism. [*Id.* at 11] However, "[a] Rule 60(b) motion that attempts to add a new ground for relief is effectively a motion to vacate, set aside, or correct a sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Here, Burkhart seeks to add a new ground for relief; that is, that his post-sentencing efforts to rehabilitate himself warrant a modification of his sentence. Burkhart's motion will treated as a motion under § 2255.

Title 28 of the United States Code, section 2244(b)(3)(A), provides that, "[b]efore a second or successive application is permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This requirement cannot be circumvented by a defendant labeling his motion as seeking relief under Rule 60(b). Burkhart's motion must be considered as a second or successive motion seeking relief under 28 U.S.C. § 2255. As a result, it must be properly certified as provided in 28 U.S.C. § 2244 by a panel of the United States Court of Appeals for the Sixth Circuit before it may be considered by this Court. 28 U.S.C. § 2255(h).

**III.**

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Christopher Burkhart's Motion for Relief Under Rule 60(b) [Record No. 156] is construed as a motion for leave to file a second or successive petition for collateral relief under 28 U.S.C. § 2255.

2. The Clerk of the Court is **DIRECTED** to transfer Defendant Burkhart's habeas motion [Record No. 156] to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244.

3. To the extent that Burkhart's motion for a sentence modification pursuant to Rule 60(b)(6) is deemed to properly request relief from this Court, his request is **DENIED**.

Dated: January 25, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge