UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 03-036-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTOPHER BURKHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Christopher Burkhart previously filed a motion for a sentence modification pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Record No. 156] The Court construed his motion as a second or successive petition for relief under 28 U.S.C. § 2255. [Record No. 158] Burkhart later advised that the Court may have misconstrued the letter in that he was actually seeking relief under the First Step Act. [Record No. 159] However, Burkhart is not eligible for such relief from this Court. His request, therefore, will be denied.

**I.**

Burkhart pled guilty in October 2003 to: (i) possession with intent to distribute over 50 grams of methamphetamine; (ii) possession of a firearm while being an unlawful user of a controlled substance; and (iii) possession of a firearm in furtherance of a drug trafficking crime. [Record No. 41] He was originally sentenced to a total term of imprisonment of 324 months, to be followed by a five-year term of supervised release. [Record No. 52] His sentence was later reduced to 260 months after the Sixth Circuit Court of Appeals remanded his case

for resentencing consistent with *United States v. Booker,* 543 U.S. 220 (2005). [Record Nos. 71, 79]

Burkhart filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied initially and upon reconsideration. [Record Nos. 102, 118, 120, 122] He subsequently appealed the denial of his § 2255 filing and the motion for reconsideration. [Record No. 123] However, the Sixth Circuit denied his application for a certificate of appealability. [Record No. 132] Burkhart later filed a motion to reduce his sentence under 18 U.S.C. § 3582, but the motion was denied originally and upon reconsideration. The Court determined a shorter period of imprisonment would not be appropriate. [Record No. 140, 141, 147]

The defendant filed a motion for a sentence modification pursuant to Rule 60(b)(6) on January 23, 2019, which the Court construed as an attempt to file a second or successive petition for relief under 28 U.S.C. § 2255. [Record No. 156, 158] The Court directed the transfer of his habeas motion to the Sixth Circuit and otherwise denied his request for relief. [Record No. 158] Burkhart has now advised the Court that his motion may have been misconstrued and he seeks relief under the First Step Act. [Record No. 159]

**II.**

Burkhart wishes to be placed in a halfway house or home confinement due to his post-conviction educational and workforce development training. [Record No. 159] In reading his motion for sentence modification under Rule 60(b) in conjunction with his current letter, it appears he seeks relief under Section 102 of the First Step Act,[1] which modified portions of the Second Chance Act of 2007.

---

[1] The First Step Act also expands the release opportunities, including home confinement, for elderly or terminally ill offenders under 34 U.S.C. § 60541. Pub. L. No. 115-391, § 603; *Burg v.*

The Second Chance Act of 2007 states, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). This statutory provision permits inmates to spend all or a portion of the final twelve months of their sentence in a residential re-entry center. Additionally, subsection (c)(2), allows the Bureau of Prisons to consider placing an inmate ". . . in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

The First Step Act modified § 3624 to further explain who was an eligible prisoner for prerelease custody or supervised release. Pub. L. No. 115-391, § 102. The Act elaborates on the risk reassessment levels needed for a prisoner to be considered for prerelease custody. *Id*. It also details the types of prerelease custody, which include home confinement and placement in a residential re-entry center. *Id*. However, it did not modify the requirement that the Bureau of Prisons, not the Court, make the decision to place a prisoner on home confinement or in a residential re-entry center. *See* 18 U.S.C. § 3624(b)(1) & (c)(1); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016) (explaining that the Bureau of Prisons may consider placing a federal inmate in home confinement or a residential re-entry center). Further, the First Step

---

*Nicklin*, 2019 U.S. Dist. LEXIS 14175 (W.D. Tex. Jan. 29, 2019); *Parsons v. Howard*, 2019 U.S. Dist. LEXIS 19408 (M.D. Pa. Feb. 6, 2019). However, Burkhart does not fit within the parameters of § 60541. Additionally, it is not within the Court's authority to grant such relief because decisions under § 60541 are made by the Attorney General, in coordination with the Director of the Bureau of Prisons. First Step Act, Pub. L. No. 115-391, § 603. The statute does not provide the Court authority to address these issues.

Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).

In short, the Court cannot grant the relief sought by Burkhart. He states that the Court, not the Bureau of Prisons must place him in home confinement or in a re-entry placement program. However, it is the Bureau of Prisons that must make the assessment and determine whether the defendant is eligible for home confinement or placement in a residential re-entry center, not the Court. Accordingly, it is hereby

**ORDERED** that the defendant's letter, docketed as a motion, for a sentence of extended halfway house and/or home confinement [Record No. 159] is **DENIED.**

Dated: February 13, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge